# SUPERIOR COURT OF BALTIMORE CITY.

Filed February 14, 1907.

---

## GEO. OLDHAM & SON
### VS.
### WILLIAM F. BEVAN, GARNISHEE OF MILFORD PINK GRANITE QUARRIES.

---

*Penrose & Stanton* for plaintiffs.
*Frederick J. Singley* for garnishee.

SHARP, J. (Orally)—

This suit is brought under Article 9, Section 1, &c., of the Code, authorizing attachment proceedings against non-resident and absconding debtors.

The plaintiff sued the Milford Pink Granite Quarry, a non-resident corporation. The suit is in the usual form. The attachment was issued and laid in the hands of Wm. F. Bevan, garnishee.

The declaration was filed January 12, 1906. On February 6, 1906, Bevan & Co., the garnishees, filed pleas, the general issue for the defendant and nulla bona for the garnishee. The replication was filed January 18, 1907.

The case came on for hearing on January 24, 1907. The trial proceeded in the usual way, the plaintiff proved the debt. It was admitted that at the time the attachment was laid Bevan & Co. had assets of the defendant to pay the plaintiffs' claim.

464

Bevan then filed a "suggestion" stating that on January 17, 1907, he had been adjudicated a bankrupt by the District Court of the United States for the District of Maryland, and that on January 20, 1907, the United States Circuit Court for the District of Maryland, in Equity, had appointed a receiver for the Milford Pink Granite Company. Bevan then moved orally that the proceedings be stayed pursuant to Section 11 of the Bankrupt Act. He filed certified copies of the order adjudicating him a bankrupt and of the decree appointing a receiver for the Milford Pink Granite Company.

Neither the insolvent trustee of Bevan nor the receiver of the Milford Pink Granite Quarries joined in the application, nor have they appeared in these proceedings. The application for a stay must be refused. It is evident that a stay in all cases is not contemplated by Section 11 of the Bankrupt Act. The Act provides that the court may direct the trustee to prosecute or defend suits instituted by or against the bankrupt. The stay depends on merits which must be alleged and proved. There must be proper pleadings; a mere suggestion is not enough. Collier on Bankruptcy, p. 138.

It would be a dangerous practice to stay suits against bankrupts on their mere request without reference to the merits of their application. The bankrupt may never apply for his discharge or the discharge may be refused by the court. In the meantime, witnesses may die, or other events may occur to the prejudice of the creditor.

The plaintiff is entitled to a judgment, but in view of the "suggestion" and exhibits, the order will be, judgment for plaintiff for the amount of his claim, with interest, "subject to the proceedings in bankruptcy."